■ Fashion Institute of Technology, Respondent, v United College Employees of Fashion Institute of Technology, Local 3457, American Federation of Teachers, Appellant. [905 NYS2d 566]—

Order and judgment (one paper), Supreme Court, New York County (Paul G.Feinman, J.), entered May 14, 2009, which granted the CPLR article 75 petition and permanently stayed arbitration in this labor dispute, unanimously affirmed, without costs.

The collective bargaining agreement (CBA) between the parties that was in effect at the relevant time had separate and distinct provisions governing general "Grievances" on the one hand, and "Disciplinary Procedure," on the other. Section 7.0 of the CBA, entitled "Grievance Procedure," set forth a three-step process for resolving employee grievances, defined in section 7.3 as "any claim by a grievant [an employee or the union] that there has been a violation, misinterpretation, or misapplication of any provisions of [the CBA] which concern the grievant . . . *if the sustaining of such a claim would not be inconsistent with the provisions of this contract*" (emphasis added). An unresolved grievance, if it reached the third and final step, was subject to arbitration.

Section 28.28.0 of the CBA, entitled "Disciplinary Procedure," provided that "[n]o employee may be disciplined except for just cause." The section further provided for disciplinary charges to be reviewed by a two-person disciplinary committee, consisting of one Fashion Institute of Technology (FIT) representative and one union representative, which would issue a recommended disposition to FIT's president within 60 days. Upon receipt of the report, the president "may take disciplinary action," which "may include, but is not limited to, reprimand . . . , suspen-[sion] with or without pay, or termination." The parties' contract provided that "[i]f the President's decision is to *terminate* a part-time employee who is a bargaining unit member and who holds a certificate of continuous employment [CCE], the College and Union will refer the case to an outside arbitrator for final and binding determination" (emphasis added). Notably, the determination to terminate a part-time employee was expressly subject to arbitration, whereas no similar provision rendered the determination to suspend a part-time employee subject to arbitration.

In March 2008, FIT instituted a disciplinary proceeding against part-time employee Les Katz pursuant to section 28.28.0 of the CBA. As per CBA § 28.28.0 (d)-(e), a two-person disciplinary committee investigated the charge. On May 16, 2008, the committee issued a report to FIT President Joyce F. Brown, recommending that Katz be given a written warning. After review of the record, on June 4, 2008, pursuant to CBA § 28.28.0 (f), President Brown suspended Katz without pay until January 26, 2009 (the first day of the spring semester).

On September 2, 2008, the union filed a CBA grievance with FIT purporting to challenge President Brown's determination to suspend Katz. On September 18, 2008, FIT dismissed ("returned") the grievance, asserting that Brown's determina-

tion was "not grievable" under the CBA. On October 22, 2008, the union served FIT with a demand for arbitration before the American Arbitration Association, asserting that the school had "[i]mproperly disciplined Les Katz in violation of the CBA." On November 10, 2008, FIT filed a petition in Supreme Court, New York County, seeking an order pursuant to CPLR 7503 (b) permanently staying the arbitration.

We agree with the motion court that petitioner's claim is not subject to arbitration. Les Katz was cited, disciplined and suspended in accordance with the disciplinary procedures set forth in section 28 of the CBA. The specific provisions of the CBA, entitled "Disciplinary Procedure," clearly govern in this case, and do not provide for arbitration of the determination to suspend a part-time employee.

The union maintains that the issue of whether Katz was properly suspended is subject to arbitration pursuant to the general grievance procedure set forth in section 7 of the CBA. Section 7, by its terms, applies only where sustaining the employee's claim "would not be inconsistent with the provisions of this contract." The motion court properly recognized that the section 7 general grievance procedures were separate and not relevant to employee discipline, which is covered by a different section of the contract. The reading of the contract proposed by the union, which would graft the procedures in section 7 onto the disciplinary procedures in section 28.28, would render superfluous the provisions of section 28.28, which provide for a limited right of arbitration for part-time employees only if they are terminated. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.